## THOMAS B. HARPER *v.* JOHN O. TERRY.

Where a partial payment has been made on a judgment, and a settlement between the parties for the balance, and an *alias* writ of *fieri facias* sued out on which the property of the plaintiff was sold— *Held :* that no action in damages could be sustained. So long as there was a balance due on the judgment, the defendant had a right to his execution for its collection.

Where the writ issues for more than is due, the remedy is by Injunction, according to the Revised Statutes, p. 246 sec. 3, 4.

APPEAL from the District Court of the Parish of Livingston, *Wilson, J.* *T. A. Bartlett*, for plaintiff and appellant. *Whittaker & Fellows*, for defendant.

LAND, J. This is a suit to recover one thousand dollars damages, on the grounds that the defendant illegally sued out an *alias* writ of *fieri facias* on a judgment obtained by him against the plaintiff, and illegally caused the property of the latter to be seized and advertised for sale by the Sheriff under the writ, after the judgment had been extinguished by a partial payment in money, and a settlement between the parties for the balance.

It appears that subsequently to the issue of the writ above mentioned, a *pluries fi. fa.* was sued out by the defendant on his judgment against the plaintiff, and a tract of land belonging to the latter was seized and sold by the Sheriff; and that the plaintiff himself was present at the sale and became the purchaser of the property at the price of two hundred and sixty-seven dollars, which was less than the amount due on the judgment after deducting the alleged partial cash payment above mentioned.

These facts conclude the plaintiff from recovering damages of the defendant, for suing out the *alias fi. fa.*, and causing a seizure to be made under it by the Sheriff. So long as there was a balance due on the judgment, the defendant had a right to his execution for its collection; and the seizure, sale and purchase by the plaintiff under the *pluries* writ, make conclusive proof against him of the existence of such balance, in the absence of allegation and evidence of error or mistake. And so long as the defendant had a right to issue execution on his judgment, he cannot be held liable in damages for the exercise of that right.

There is no weight in the objection that the writ issued for more than was due on the judgment, as the seizure was released by order of the defendant's counsel; and besides, the remedy in such cases is by injunction, as provided specially by statute. See Rev. Stat. p. 246, secs. 3 and 4.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, with costs.

Merrick, C. J., absent.